IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA D. RICHARDS, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| GEOVERA SPECIALTY INSURANCE COMPANY | § § § § | |
| Defendant. | § § | |

### DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant GeoVera Specialty Insurance Company ("GeoVera") file this, its Notice of Removal to the United States District Court for the Southern District of Texas, Brownsville Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

1. On August 15, 2016, Plaintiff Maria D. Richards filed her Original Petition in the matter, styled *Maria D. Richards v. GeoVera Specialty Insurance Company,* Cause No. 2016-DCL-05356, in the 444th Judicial District Court of Cameron County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to her property under an insurance policy issued by GeoVera.

2. Plaintiff served GeoVera with a copy of the Original Petition on or about August 17, 2016.

3. Defendant files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules, simultaneously with the filing of this notice of removal is an Index of Matters Being Filed, attached hereto as Exhibit "A." A copy of the Electronic Docket Sheet is attached hereto as Exhibit "B." A copy of Plaintiff's Original Petition is attached hereto as Exhibit "C." A copy of the Citation as to Defendant GeoVera is attached hereto as Exhibit "D." A copy of the Return of Service as to Defendant GeoVera is attached hereto as Exhibit "E." A copy of Defendant GeoVera Specialty Insurance Company's Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "F." Defendant GeoVera's list of the Parties and Counsel is attached hereto as Exhibit "G." Declaration of Rhonda J. Thompson is attached hereto as Exhibit "H."

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Cameron County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## Basis for Removal

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

A. **Diversity of Citizenship**

8. Plaintiff is, and was at the time the lawsuit was filed, a resident of Cameron County, Texas, and a citizen of the State of Texas. *See* Pl's Original Pet. ¶ 2.1, attached hereto as Exhibit "C."

9. Defendant GeoVera was at the time this action was commenced, and still is, a citizen of the State of California. Defendant GeoVera is a corporation organized under the laws of the State of California and maintains its principal place of business in Fairfield, California.

**B.    The Amount in Controversy Exceeds $75,000.00**

10. This is a civil action in which the amount in controversy exceeds $75,000.00. In her complaint, Plaintiff alleges a variety of claims revolving largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property. *See* Pl's Original Pet. ¶ 5.1-5.5, attached hereto as Exhibit "C." Among other things, Plaintiff alleges that Defendant GeoVera breached the insurance policy number GC30007107, with a Dwelling Limit of $172,000, Other Structures Limit of $17,200, Personal Property Limit of $86,000, and Loss of Use Limit of $34,400, for the property located at 105 Mason Avenue, Brownsville, Texas 78520 (the property giving rise to the present dispute). *See* Exhibit "H," Declaration of Rhonda J. Thompson, attached hereto and fully incorporated herein as if set out in full.

11. In addition, Plaintiff's Original Petition seeks damages for violations of the Texas Insurance Code, failure to comply with the Prompt Payment of Claims Act, breach of duty of good faith and fair dealings, and violation of the Texas Deceptive Trade Practices Act. *See* Pl's Original Pet., attached hereto as Exhibit "C." Plaintiff claims that she is seeking "monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *See* Pl's Original Pet. ¶ 1.2, attached hereto as Exhibit

"C." In addition, Plaintiff states that "If this matter is removal pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost. If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *See* Pl's Original Pet. ¶ 1.3, attached hereto as Exhibit "C."

12. To establish diversity jurisdiction, the amount in controversy must exceed $75,000.00 and involve parties who are citizens of different states. 28 U.S.C. § 1332(a)(1). If the amount of damages pled by the Plaintiff is alleged in good faith, then the amount in controversy is determined by that amount. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (stating, "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). If, however, the pleading is not made in good faith, then the deference given to the plaintiff will not apply. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). If a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount, in violation of state law, that pleading is not made in good faith. *See id.* Specifically, Tex. R. Civ. P. 47(c) requires that a plaintiff plead in a specific damage range. *See* Tex. R. Civ. P. 47(c). For example, Tex. R. Civ. P. 47 allows a plaintiff to plead a damage range of "only monetary relief of $100,000 or less." *See id.* Accordingly, there is no provision in the rule to allow a plaintiff to plead for damages of less than $75,000. *See id.*

13. In this circumstance, a removing Defendant satisfies its burden of proof by showing by a preponderance of the evidence that the amount in controversy actually exceeds the

$75,000.00 floor. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar*, 47 F.3d at 1411 (citing 28 U.S.C. § 1141(a)); *Ford v. United Parcel Service, Inc. (Ohio)*, 2014 WL 4105965 at *2-4, Slip Op. (August 21, 2014). To satisfy this burden, a removing defendant must demonstrate that either "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively (2) the defendant can set forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Ford*, 2014 WL 4105965 at *2; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In determining the amount in controversy, the Court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999).

14. Once a removing defendant demonstrates that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. A plaintiff may prove that she cannot recover more than $75,000.00 by "fil[ing] a binding stipulation or affidavit with [her] complaint." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

15. In *Ford*, the Court analyzed in depth an argument for remand based on the amount in controversy, ultimately finding that federal jurisdiction was proper and denying remand. *Ford*, 2014 WL 4105965 at *2. Ford alleged a claim for sex discrimination and filed the lawsuit in Texas-state Court against Defendant, United Parcel Service, Inc. (Ohio) ("UPS"). *Id.* UPS then removed the action to federal court based on diversity of citizenship. *Id.*

Thereafter, Ford sought to remand the case back to Texas-state court. *Id.* The sole issue before the federal court on Ford's Motion to Remand was whether the amount in controversy exceeded the sum or value of $75,000.00, exclusive of interests and costs. *Id.* at *2-4.

16. In the *Ford* petition, plaintiff affirmatively limited the damages she sought to a maximum of $74,000.00, exclusive of interests and costs, and submitted a post-removal declaration agreeing to limit her recovery to $74,000.00. *Id* at *2. In doing so, Chief Judge Fitzwater found that because she plead for damages "not to exceed $74,000.00," she purposefully contravened the Texas rules governing pleadings requirements so to avoid federal jurisdiction. *Id.* As such, the Court held that her pleading was not in good faith, and the sum claimed in her petition did not control. *Id.*

17. The court then analyzed Ford's petition for her claims of front pay, compensatory damages, punitive damages, and attorney's fees and found that the amount in controversy exceeded the sum of $75,000.00, exclusive of interests and costs. *Id.* at *3.

18. Following this determination, the court then looked to whether Ford could show that she would not be able to recover more than the damages for which she had prayed in her state court complaint, noting that "[o]nce a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, 'the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint.'" *Id.*; *De Aguilar*, 47 F.3d at 1411.

19. Ford relied on the allegations in her petition that she sought an amount "not to exceed $74,000.00," and maintained that those statements were binding stipulations that precluded removal. *Ford*, 2014 WL 4105965 at *3. Ford also pointed to her post-removal declaration, in which she agreed to limit her recovery to $74,000.00. *Id.* However, the court

held that these were insufficient to support a remand of the case. Specifically, with regards to the allegations in Ford's petition, in Texas,

> [i]t is the general rule that the pleadings in a particular case, for the purpose of use as such in that case, are to be regarded as judicial admissions. . . . It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission.

*Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (Tex. 1931), *superseded on other grounds by* Tex. R. Evid. 801(e)(2) *as recognized in Bay Area Healthcare Grp., Ltd. v. McShane,* 239 S.W.3d 231, 235 (Tex. 2007).

20.     Texas Rule of Civil Procedure 63 allows Texas litigants to amend their pleadings anytime without leave of court, so long as the amended pleadings are filed prior to seven days before trial and do not operate as a surprise to the opposing party. *See Greenhalgh v. Serv. Lloyds Ins. Co.,* 787 S.W.2d 938, 941 (Tex. 1990) (noting that Texas courts may even permit post-verdict amendments of pleadings to conform amount of damages requested to damages awarded by a jury).

21.     As such, in applying Texas Rule of Civil Procedure 63 to *Ford*, the court concluded that while the allegations of her petition are binding judicial admissions for the time being, they will cease to be "conclusive and indisputable judicial admissions" if she chooses to amend or supersede her petition, as the Texas Rules giver her considerable latitude to do. *Ford,* 2014WL 4105965 *4; *See Sosa v. Cent. Power & Light,* 909 S.W.2d 893, 895 (Tex. 1995) ("noting that "[c]ontrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.). Accordingly, the Court held that because the allegations of Ford's petition were only binding judicial admissions so long as they

are not amended or superseded, they are not sufficient to constitute the kind of "binding stipulation or affidavit" necessary to preclude removal. *See De Aguilar*, 47 F.3d at 1410 (noting that Plaintiff's inability to avoid federal jurisdiction by suing for less than the jurisdictional amount is "premised on the notion that the plaintiff [will] not be able to recover more in state court than what was alleged in the state court complaint").

22. Likewise, in *Tovar*, the court analyzed the type of stipulation needed to bind a plaintiff for the amount in controversy determination. *Tovar v. Target Corp.*, 2004 WL 2283536 at *1 (Oct. 7, 2004). The court held that the Plaintiff's Motion to Remand should be denied because it was not apparent that the stipulation in the Plaintiff's Original Petition and the affidavit attached thereto limited the maximum recoverable damages to $74,000.00. *Id.* at *4.

23. In *Tovar*, the plaintiff attempted to state the maximum amount of damages in four different sections of the petition. *Id.* at *1. In one section, plaintiff specifically "stipulate[d] under oath that [he] is not seeking in excess of $74,000." *Id.* In addition, plaintiff attached an affidavit to the petition stating that "[u]nder no circumstances am I seeking to recover more than $74,000.00, for all damages, including attorney's fees, but excluding costs and interests." *Id.*

24. The Court found that the stipulation was not binding because the plaintiff failed to limit his maximum amount recoverable. *See id.* at *4. Although the plaintiff did attempt to make the stipulation binding by repeating in his petition that he was stipulating that damages were less than $74,000, he contradicted himself throughout the petition. *See id.* In some instances he included attorney's fees and in some instances he excluded attorney's fees from the damage limitation. *Id.* at *3. In addition, the plaintiff also requested punitive damages above the jurisdictional limits of the state court, without limitation. *Id.* at *1.

25. In this case, Plaintiff, in a failed attempt to avoid federal jurisdiction and removal, has specifically alleged in her Original Petition that the amount in controversy does not exceed the sum or value of $75,000.00 in direct contravention to Tex. R. Civ. P. 47(c). Accordingly, her pleading was made in bad faith and necessarily will not and cannot control the amount in controversy in this case. *See De Aguilar,* 47 F.3d at 1410. Further, although the allegations in Plaintiff's petition are binding judicial admissions for the time being, they will cease to be "conclusive and indisputable judicial admissions" if she chooses to amend or supersede his petition, as the Texas Rules gives her considerable latitude to do.

26. Because the amount of damages alleged was pled in bad faith, the Court must look to whether GeoVera can show by a preponderance of the evidence that the amount in controversy actually exceeds the $75,000.00 jurisdictional minimum based upon the facts at issue. In Plaintiff's Original Petition, Plaintiff seeks economic damages, actual damages, consequential damages, expenses, reasonable and necessary attorney's fees, and extra contractual damages. In addition, Plaintiff alleges Defendant GeoVera acted "knowingly" and "intentionally," entitling Plaintiff to three times its damages for economic relief. In examining the policy limits here, it is clear that the amount in controversy in this lawsuit exceeds jurisdictional requirements. The policy at issue in this case has a Dwelling Limit of $172,000, Other Structures Limit of $17,200, Personal Property Limit of $86,000, and Loss of Use Limit of $34,400. Based on the damage allegations in the Plaintiff's Original Petition, as well as the amount of policy limits, the amount in controversy in this case clearly exceeds the $75,000.00 jurisdictional requirement.

27. Because Defendant GeoVera can show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000.00, the Court must look to whether the

plaintiff can prove that she will not be able to recover more than the damages she alleged in the complaint. *De Aguilar*, 47 F.3d at 1411. The stipulation language at issue in *Tovar* is almost identical to the language in this case. In our case, Plaintiff alleges that the amount in controversy does not exceed $75,000.00, exclusive of interest and cost. This seems to indicate that all damages are included and amount to less than $75,000.00. Additionally, there is no mention of whether this figure includes or excludes attorney's fees. Later in the Original Petition, however, Plaintiff contradicts herself by stating, "Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court." This seems to indicate that extra contractual damages are above and beyond $75,000.00. As in the *Tovar* case, this "stipulation" language is both contradictory and ambiguous and should not be interpreted as binding. Plaintiff has not shown that she would not be able to recover more than the damages for which she had prayed in her state court complaint.

28. Accordingly, removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Southern District No.: 17055

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209
E-mail:       rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that on the 21st day of September, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Christopher D. Bertini
The Bertini Law Firm, P.C.
1894 Trube Estate Building
Galveston, Texas 77550
   *Counsel for Plaintiff*

/s/Rhonda J. Thompson
Rhonda J. Thompson